IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

FLOYD LEE SEA,

    Plaintiff,

vs.                                    No. 05-2737-B/V

SHELBY COUNTY,

    Defendant.

_____

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Plaintiff Floyd Lee Sea, prisoner number 12084, an inmate at the Shelby County Division of Correction ("SCDC"),[1] filed this complaint under 42 U.S.C. § 1983.  The Clerk of Court shall record the defendant as Shelby County.

I.    <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).  The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance for the six months prior to submission of the complaint, and
3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

Plaintiff Sea sues Shelby County alleging that on August 25, 2005, he moved a fan so that his cell would receive more air. Sea alleges that due to nonworking lighting in the cell he did not see that part of the guard was missing from the back of the fan. The fan blade sliced Sea's ring finger causing an injury which required stitches at the Regional Medical Center. Sea contends that an officer denied his request to change the bandage. He insists that the lights were not repaired until August 29, 2005, and that the fan has not been repaired. Sea also states that he was denied access to the law library. Plaintiff claims that he "wrote grievence [sic] to Sgt. Price" but received no result. He also states that he has heard nothing as of the date he filed the lawsuit on September 30, 2005.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

> To comply with the mandates of 42 U.S.C. § 1997e(a),
>
> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion).

This complaint is fully within the scope of § 1997e. Plaintiff alleges that he filed a grievance but does not relate the matters addressed. He did not wait for a response or otherwise exhaust his administrative remedies before filing this complaint. Section 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies

during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). This complaint raises multiple issues and plaintiff's allegations are insufficient to satisfy the exhaustion requirements of § 1997e(e).[2]

The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Because plaintiff has not exhausted his administrative remedies, the Court dismisses this complaint without prejudice under 42 U.S.C. § 1997e(a).

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements. Accordingly, if a

---

[2] An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.

district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner Plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the

---

[3] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, § 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 4th day of May, 2006.

>                s/ J. DANIEL BREEN
>                UNITED STATES DISTRICT JUDGE